## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

**DUSTIN ALFREE**
712 Green Giant Rd.
Townsend, DE 19734

Case No.:    25-2235

             Plaintiff,

*v.*

**JOLLY ROGER RIDES, INC.**
30th Street
Ocean City, Maryland 21842

  *Serve:* Resident Agent
       Charles R. Jenkins, Sr.
       30th Street
       Ocean City, Maryland 21842

And

**BAY SHORE DEVELOPMENT CORP.**
2901 Philadelphia Ave.
Ocean City, MD 21842

  *Serve:* Resident Agent
       Timothy King
       2901 Philadelphia Ave.
       Ocean City, MD 21842

             Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dustin Alfree, by and through his attorneys, Daniel S. Singer and Trombly & Singer, PLLC, hereby file the instant Complaint against Defendants, Jolly Roger Rides, Inc. and Bay Shore Development Corp. In support of this Complaint, Plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Dustin Alfree ("Mr. Alfree") is and has been a resident of the State of Delaware at all times relevant to this Complaint.

2.      At all times relevant to this Complaint, Defendant Jolly Roger Rides, Inc. (hereinafter "Jolly Roger") was a duly licensed corporation domiciled in the State of Maryland that owned and/or operated the Jolly Roger Splash Mountain Water Park, which is located at 2901 Coastal Highway, Ocean City, MD 21842 (hereinafter "the premises").

3.      At all times relevant to this Complaint, Defendant Bay Shore Development Corp. (hereinafter "Bay Shore") was a duly licensed corporation domiciled in the State of Maryland that owned and/or operated the premises.

4.      The facts giving rise to this Complaint arose out of an incident that occurred on or about July 16, 2022, at the premises.

5.      Personal jurisdiction exists over Defendant Jolly Roger as it owned, maintained, managed, leased, serviced, and/or otherwise controlled the above-described premises on the date of this incident.

6.      Personal jurisdiction exists over Defendant Bay Shore as it owned, maintained, managed, leased, serviced, and/or otherwise controlled the above-described premises on the date of this incident.

7.      Subject matter jurisdiction is appropriate for this Court under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds the minimum threshold for this Court.

8.      Venue lies in the Northern District for the United States District Court for the District of Maryland because the cause of action arose within this District.

**FACTUAL BACKGROUND**

9.      On or about July 16, 2022, Mr. Alfree went to the Splash Mountain Water Park operated by Defendants.

10.      While visiting the premises, Mr. Alfree proceeded to ride Defendant's "Cannonball" slide.

11.      Unbeknownst to Mr. Alfree, the Cannonball slide is intended to be ridden with users in the "cannonball" position, whereby a user's legs are pulled up toward their chest and then their arms are wrapped around their legs.  This is the intended position specifically because this slide sends the user downward with significant force and if the user's legs are straight, then there is a risk of injury to the user from the force of hitting their feet on the bottom of the pool at the end of the slide.

12.      Additionally, because of the known risk of users hitting their feet on the pool floor with this particular ride, prudent water park operators, in accordance with the standard of care, require that the depth of the pool for this ride be at least five feet.  Moreover, prudent water park operators, in accordance with the standard of care, typically place padding at the bottom of the pool to soften the impact if a user does have their feet straight down when they exit the slide into the pool.

13.      As he was waiting to begin the Cannonball slide, Mr. Alfree was negligently instructed by the slide attendant employed by one or more of the Defendants that, in order to use the slide "safely", he needed to lie flat on his back, crisscross his arms over his chest, and to proceed down the slide with his legs extended straight downward.

14.      While taking the ride with his arms crisscrossed and legs straight down in accordance with the attendant's instructions on how to use the slide safely, Mr. Alfree traveled

rapidly down the slide and was not able to control his entry into the pool before his feet slammed violently into the bottom of the pool.  The exit of the Cannonball slide is depicted below:



15.    Upon information and belief, there was no padding at the bottom of the pool for the Cannonball slide nor was the pool's water depth at least five feet.

16.    At all times relevant to this incident complained of herein, Mr. Alfree was acting with due care and following all instructions provided to him by Defendants' employees.

17.    At all times relevant to this Complaint, the Defendants provided no notice to Mr. Alfree of the appropriate and safe way to ride the Cannonball slide, the appropriate and safe pool depth for a Cannonball slide, and that a typical Cannonball slide contains a padded pool floor. Therefore, Mr. Alfree assumed no risk of injury due to Defendants' improper use and maintenance of the Cannonball slide, their failure to properly instruct the Plaintiff as to proper use of the slide, their use of a pool with an improper pool depth, and their failure to place padding on the bottom of the pool, which would have been consistent with the practices of prudent water park operators.

18.    Prior to Plaintiff embarking on the Cannonball slide, the agent and/or employee of the Defendants explicitly and implicitly assured and represented to Mr. Alfree that the slide was safe for use for persons of his height, per posted signage near the entrance to the line.

19.    At all times relevant herein, the Defendants owed a duty to the Plaintiff and other persons similarly situated to exercise reasonable care in the construction, maintenance, and/or operation of the premises, which included the duty to exercise reasonable care when monitoring and maintaining pools and basins in any of the park's attractions, and making reasonable efforts to avoid exposing guests to unnecessary hazards, to warn them of such hazards and to otherwise take necessary steps to mitigate such hazards.

20.    At all times relevant herein, the Defendants owed a duty to the Plaintiff and other persons similarly situated to exercise reasonable care in the construction, maintenance, and/or operation of the premises, which included the duty to exercise reasonable care when ensuring that the pool depths at the exits of their water slides complied with the standard of care and all applicable codes and regulations relating the appropriate pool depths at the termination of water slides.

21.    At all times relevant herein, the Defendants owed a duty to the Plaintiff and other persons similarly situated to exercise reasonable care in the construction, maintenance, and/or operation of the premises, which included the duty to exercise reasonable care when ensuring that users of the Cannonball slide were using the slide appropriately and that users were given appropriate warnings and instructions on how to ride this slide safely.

22.    At all times relevant herein, the Defendants were negligent in maintaining, constructing, and/or operating the water park such that they created and/or maintained a dangerously shallow pool that lacked padding at the exit of the Cannonball slide that would present a safety hazard to guests using the slide.

23.    At all times relevant herein, the Defendants were negligent in failing to warn Mr. Alfree about the appropriate use of the slide and that riding the slide with his feet extended would pose a severe injury risk.

24.    As a direct and proximate result of the aforesaid acts or omissions described above by the Defendants, Plaintiff sustained injuries and damages, including, but not limited to, comminuted fracture of the right foot and heel which required surgery and caused loss of mobility, and persistent pain and tenderness to the right foot and heel. Because of these injuries, Plaintiff has incurred, and will continue to incur, medical, surgical, hospital and other expenses in an effort to care for his injuries. Mr. Alfree has also suffered, and will in the future suffer, a loss of earnings as well as other economic losses, and he has suffered, and he will in the future suffer, other non-economic losses; all of which may be permanent.

## Count 1
### Negligence

25.    Plaintiff adopts and incorporates by reference paragraphs 1 through 24 as though they were fully and completely set forth herein.

26.    At all times relevant herein, including the date of the incident at issue, Defendants Jolly Roger and/or Bay Shore were the actual and apparent principal, master, and/or employer of all the attendants and other agents and/or employees who worked at the premises, the Jolly Roger Splash Mountain Water Park.

27.    At all times relevant herein, including the date of the incident at issue, agents and/or employees of one or more of the Defendants represented to Mr. Alfree and other members of the public, that the Cannonball slide was free of any latent defects, hazards, and dangers as long as Mr. Alfree and others similarly situated followed the instructions of Defendants' agents and/or employees.

28.     By holding the water park out to the public and inviting Mr. Alfree and others onto its property, one or more of the Defendants assumed a duty to exercise reasonable care and to protect its invitees from hidden and latent dangers and hazards. As a result, one or more of the Defendants, both directly and by and through its actual and apparent agents, servants, and employees, owed a duty to regularly inspect the water park for latent hazards; properly maintain all of the water park rides and activities; identify potential defects, dangers, and hazards that could endanger its invitees; adequately train and supervise its agents, servants, and employees to recognize and properly react to potential defects, dangers, and hazards; adequately train and supervise its agents, servants, and employees to provide appropriate and accurate instructions to their customers; and otherwise exercise reasonable care in protecting its invitees from harm.

29.     One or more of the Defendants owed a duty to their customers to exercise reasonable care that their actual and apparent agents, servants, and employees maintained the water level at the exit of the Cannonball slide at a sufficient depth and ensured that the pool would allow a safe exit from the Cannonball slide.

30.     One or more of the Defendants owed a duty to their customers to exercise reasonable care to ensure that their actual and apparent agents, servants, and employees placed padding on the floor of the Cannonball slide to soften the impact if a user's legs struck the pool floor.

31.     One or more of the Defendants owed a duty to their customers to exercise reasonable care to ensure that their actual and apparent agents, servants, and employees provide accurate instructions to their customers about the safe and appropriate way to use the Cannonball slide.

32.    One or more of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, breached the duties outlined above in the following ways:

    a.  they failed to maintain the water at the exit of the Cannonball slide at a sufficient depth;

    b.  they failed to place padding at the bottom of the pool at the end of the Cannonball slide;

    c.  they failed to properly instruct Mr. Alfree and other users of the Cannonball slide on the proper way to ride the Cannonball slide safely, so as to avoid injury;

    d.  they failed to properly hire, train, and supervise their employees to provide proper instructions to customers on the appropriate way to use the Cannonball slide;

    e.  they failed to have in place proper procedures, processes, safeguards, and training in place to ensure that their actual and apparent agents, servants, and employees inspected the pool depths with sufficient regularity to ensure that the depths were sufficient to comply with all applicable national standards as well as all applicable state and local codes;

    f.  they failed to properly supervise and monitor its actual and apparent agents, servants, and employees before the occurrence, preventing it from discovering that they needed additional training to do their jobs safely;

    g.  they failed to warn Mr. Alfree that the water level in the exit pool was inadequate;

h. they failed to warn Mr. Alfree that using the slide while in an unsafe bodily position posed a danger to him;

i. they failed to warn Mr. Alfree that using the slide that emptied into a pool without padded flooring would pose a risk of severe injury to him; and

j. they otherwise failed to exercise reasonable care in protecting their invitees from foreseeable injury in other ways that will be revealed during discovery.

33. As a direct and proximate result of Defendants' negligence, directly and by and through their actual and apparent agents, servants, and/or employees, Mr. Alfree sustained a severe fracture to his right foot and heel that required surgery, and as a result it is expected that he will have a permanent injury to his right foot. In addition, he has suffered, and it is expected that he will continue to suffer for the remainder of his life, physical pain, mental and emotional anguish, emotional trauma, disfigurement, humiliation, inconvenience, physical impairment, and other related non-economic losses to be assessed by the jury. Mr. Alfree has also suffered significant economic damages including, but not limited to, past and future medical expenses, past and future lost wages, lost earning capacity, and other related harms.

WHEREFORE, in light of the foregoing, Plaintiff demands judgment of and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus interest, costs, and any other relief that the Court deems just and appropriate.

## Count 2
### Gross Negligence

34. Plaintiff, Dustin Alfree, adopts and incorporates by reference paragraphs 1 through 33 as though they were fully and completely set forth herein.

35. In their operation of the Water Park, one or more of the Defendants were aware of the dangerous propensities of the Cannonball slide if (a) users were not properly instructed about

the safe way to use the slide; (b) the pool depth was not sufficient; and (c) padding was not used on the floor of the pool, and yet one or more of the Defendants, by and through their agents and/or employees, acted with reckless disregard for the consequences to their customers and therefore one or more of the Defendants were grossly negligent.

36.    As a direct and proximate result of Defendants' gross negligence, directly and by and through their actual and apparent agents, servants, and/or employees, Mr. Alfree sustained a severe fracture to his right foot and heel that required surgery, and as a result it is expected that he will have a permanent injury to his right foot.  In addition, he has suffered, and it is expected that he will continue to suffer for the remainder of his life, physical pain, mental and emotional anguish, emotional trauma, disfigurement, humiliation, inconvenience, physical impairment, and other related non-economic losses to be assessed by the jury. Mr. Alfree has also suffered significant economic damages including, but not limited to, past and future medical expenses, past and future lost wages, lost earning capacity, and other related harms.

WHEREFORE, in light of the foregoing, Plaintiff demands judgment of and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus interest, costs, and any other relief that the Court deems just and appropriate.

### Count 3
### Violation of the Maryland Consumer Protection Act

37.    Plaintiff, Dustin Alfree, adopts and incorporates by reference paragraphs 1 through 36 as though they were fully and completely set forth herein.

38.    At all times relevant to this Complaint, Plaintiff was a "consumer" as the term is defined in Md. Commercial Code Ann § 13-101(c), in that he purchased consumer services from the Defendants in the form of the use of water park amenities, including the Cannonball slide at issue.

39.     At all times relevant to this Complaint, the Defendants were "merchants" as the term is defined in Md. Commercial Code Ann. § 13-101(g), in that the Defendants provided consumer services to the Plaintiff in the form of the water park amenities, including the Cannonball slide.

40.     At all times relevant to this Complaint, Defendants were "persons" within the meaning of § 13-101(h), inasmuch as both were "corporations."

41.     Immediately prior to the Plaintiff's injury, an agent and/or employee of one or more of the Defendants participated in unfair, abusive, and/or deceptive trade practices as they are defined in Md. Commercial Code Ann. § 13-301(1), in that the agent and/or employee of the Defendants represented to the Plaintiff that the Cannonball slide would be safe to ride if the Plaintiff extended his legs when that representation was false, misleading, and had the capacity, tendency, and/or effect of deceiving the Plaintiff into believing that the slide would be safer than it actually was.

42.     The agent and/or employee of one or more of the Defendants who was stationed at the Cannonball slide committed other acts and/or omissions that qualify as unfair, abusive, and/or deceptive trade practices under Md. Commercial Code Ann. § 13-301(2), inasmuch as said agent and/or employee of the Defendants made false representations regarding the sponsorship, approval, characteristic, and/or use of the Cannonball slide by informing the Plaintiff that the Cannonball slide was safe to ride with his legs extended when this was a false statement.

43.     The agent and/or employee of one or more of the Defendants who was stationed at the Cannonball slide committed other acts and/or omissions that qualify as unfair, abusive, and/or deceptive trade practices under Md. Commercial Code Ann. § 13-301(3), inasmuch as said agent and/or employee of the Defendants failed to inform the Plaintiff that (a) the proper

way to use the Cannonball slide was with his legs in the cannonball position, tucked towards his chest rather than with his legs extended which is how the Defendants' agent and/or employee instructed him to ride the Cannonball slide; (b) the Cannonball slide pool is supposed to have a depth of at least five feet due to the force with which users propel downward; and (c) the Cannonball slide is supposed to have padding on the pool flooring to prevent traumatic injuries of users who strike the pool floor with significant force.

44.    The agent and/or employee of one or more of the Defendants who was stationed at the Cannonball slide committed other acts and/or omissions that qualify as unfair, abusive, and/or deceptive trade practices under Md. Commercial Code Ann. § 13-301 that will be specified during the course of discovery.

45.    As a direct and proximate result of Defendants' violations of the Maryland Consumer Protection Act cited above, directly and by and through their actual and apparent agents, servants, and/or employees, Mr. Alfree sustained a severe fracture to his right foot and heel that required surgery, and as a result it is expected that he will have a permanent injury to his right foot.  In addition, he has suffered, and it is expected that he will continue to suffer for the remainder of his life, physical pain, mental and emotional anguish, emotional trauma, disfigurement, humiliation, inconvenience, physical impairment, and other related non-economic losses to be assessed by the jury. Mr. Alfree has also suffered significant economic damages including, but not limited to, past and future medical expenses, past and future lost wages, lost earning capacity, and other related harms.

46.    Under Md. Commercial Code Ann. § 13-408, Plaintiff is authorized to bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by the Maryland Consumer Protection Act.

47.     In light of the foregoing, Plaintiff seeks all remedies available to him under Md. Commercial Code Ann. § 13-408.

WHEREFORE, Plaintiff demands judgment of and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus interest, costs, attorney's fees, and any other relief that the Court deems just and appropriate.


Dated July 11, 2025

Respectfully submitted,

/s/Daniel S. Singer
Daniel S. Singer, Atty ID# 01274
Kenneth M. Trombly, Atty ID# 02822
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
dsinger@tromblylaw.com
kmt@tromblylaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **DUSTIN ALFREE**<br>712 Green Giant Rd.<br>Townsend, DE 19734 | |
| | Case No.: |
| Plaintiff, | |
| *v.* | |
| **JOLLY ROGER RIDES, INC.**<br>30th Street<br>Ocean City, Maryland 21842 | |
| *Serve:* Resident Agent<br>Charles R. Jenkins, Sr.<br>30th Street<br>Ocean City, Maryland 21842 | |
| And | |
| **BAY SHORE DEVELOPMENT CORP.**<br>2901 Philadelphia Ave.<br>Ocean City, MD 21842 | |
| *Serve:* Resident Agent<br>Timothy King<br>2901 Philadelphia Ave.<br>Ocean City, MD 21842 | |
| Defendants. | |

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

/s/Daniel S. Singer
Daniel S. Singer, Atty ID# 01274
Kenneth M. Trombly, Atty ID# 02822
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
dsinger@tromblylaw.com
kmt@tromblylaw.com
*Attorneys for Plaintiff*